UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRENCE BOONE,

        Plaintiff,

v.                                Case No.  8:19-cv-2637-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

        Defendant.
_____/

**<u>ORDER</u>**

      Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

     **I.**      **Procedural Background**

      Plaintiff filed an application for SSI on March 1, 2017 (Tr. 251-54).   The Commissioner denied Plaintiff's claim both initially and upon reconsideration (Tr. 167-69, 173-77).  Plaintiff then requested an administrative hearing (Tr. 178-79).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 20-50). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and denied Plaintiff's claims for benefits (Tr. 147-58).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-4).

Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff was born on October 5, 1969 and was 47 years old on March 1, 2017, his alleged disability onset date (Tr. 157).  Plaintiff claimed disability due to musculoskeletal impairments of his back, shoulder, hips, and wrist, a seizure disorder, hypertension, and bipolar disorder (Tr. 24).  Plaintiff dropped out of high school in the ninth grade and never obtained a GED (Tr. 26).  He lives in a house with three roommates (Tr. 36).  He spends his days talking with friends in a local park and napping (Tr. 31, 156).  He has no past relevant work experience (Tr. 157).

In rendering his February 5, 2019 administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 1, 2017, the alleged onset date (Tr. 149).[1]  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: "seizure disorder, hypertension, status-post cerebral vascular accident (stroke), degenerative disc disease, degenerative joint disease, substance abuse disorder (alcohol), psychotic disorder, and affective disorder." (Tr. 149-50).   Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

---

[1] Plaintiff alleged disability beginning January 1, 2010, but at the administrative hearing he amended his onset date to match his filing date because, while this case was pending before the agency, the district court affirmed the Commissioner's denial of an earlier application of Plaintiff's in which he also alleged a January 1, 2010 onset date (Tr. 112-19, 147).

Appendix 1 (Tr. 150).  The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> The claimant can only occasionally utilize his non-dominant left upper extremity for pushing and pulling.  The claimant can only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl.  The claimant cannot climb ropes, ladders, and scaffolds and cannot balance on uneven surfaces.  The claimant can frequently utilize his non-dominant left upper extremity for reaching and fine and gross manipulation.  The claimant is required to avoid concentrated exposure to temperature extremes and excessive wetness.  The claimant must avoid all work-related exposure to unprotected heights and hazardous machinery.  The claimant is limited to the performance of simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, one that involves only simple work related decisions with few, if any, changes in the workplace.  The claimant can only have occasional interpersonal interaction with the general public, coworkers, and supervisors.

(Tr. 153).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 154).

Considering Plaintiff's impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform work as a marker, packer/inspector, and copy machine operator (Tr. 158).  The ALJ found Plaintiff not disabled (*Id*.).

## III.   Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or

which has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. § 1382c(a)(3)(A).   A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.   If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.   20 C.F.R. § 416.920(a).   Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.   20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal

standards.  *See* 42 U.S.C. § 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.    Analysis

Plaintiff advances one argument: the ALJ ran afoul of Social Security Ruling 00-4p because he did not investigate an (unspecified) apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") (Doc. 19 at 5-9).[2]  To

---

[2] The DOT is "an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and

backtrack, at step five the ALJ must articulate specific jobs that the claimant is able to perform, if any, and this finding must be supported by substantial evidence, "not mere intuition or conjecture." *Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555 (11th Cir. 2019) (citing *Wilson*, 284 F.3d at 1227).  To make this determination, an ALJ may consult a VE, who serves as an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

Balancing this is SSR 00-4p, which requires the ALJ to "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [the VE] . . . and information in the [DOT]."  SSR 00-4p.  The ruling provides:

> When there is an apparent unresolved conflict between VE . . . and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.  Neither the DOT nor the VE . . . automatically "trumps" when there is a conflict.  The adjudicator must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information.

SSR 00-4p.

In arguing the Commissioner did not follow this ruling, Plaintiff relies on the Eleventh Circuit's decision in *Washington v. Commissioner of Social Security,* 906 F.3d 1353 (11th Cir. 2018) (*see* Doc. 19 at 5-7).  In *Washington,* the Eleventh Circuit held that an ALJ has an affirmative duty to (1) identify any apparent conflicts between a VE's testimony

---

what skills or abilities they require." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1357 n.2 (11th Cir. 2018).

and the DOT, (2) ask the VE about the conflict, and (3) explain in the decision resolution of the conflict.  906 F.3d at 1353-54.  Under *Washington*, the issue is not whether there *is* a conflict between limitations included in the claimant's RFC and jobs the ALJ identifies as falling within that RFC.  Rather, the issue is whether there is an *apparent* conflict between those two.  And the Eleventh Circuit in *Washington* broadly defined that term:

> An "apparent conflict" is thus more than just a conflict that is made apparent by the express testimony of the VE.  It is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony.  At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case.

*Id.* at 1365.

The court also stated, "apparent should be taken to mean apparent to an ALJ who has ready access to and a close familiarity with the DOT.  Put another way, if a conflict is reasonably ascertainable or evident, the ALJ is required to identify it, ask about it, and resolve it in his opinion.  We take the word 'apparent' to mean 'seeming real or true, but not necessarily so.'"  *Id.* at 1366.  Per *Washington,* ALJs may not simply rely on a VE's statement that his testimony does not conflict with the DOT.  *Washington,* at 1361.  Rather, "SSR 00-4p imposes an independent, affirmative obligation on the part of the ALJ to undertake a meaningful effort to uncover apparent conflicts, beyond merely asking the VE if there is one."  *Id.* at 1364.

Here, at the administrative hearing, the ALJ asked the VE to assume a hypothetical individual who could perform a full range of light work with certain limitations, tracking Plaintiff's RFC:

Please assume that this individual is exertionally limited to the light exertional level, can only *occasionally utilize his non-dominant left upper extremity for pushing or pulling*, can only occasionally climb ramps, or stairs, stoop, kneel, crouch, and crawl.  And is precluded from climbing ladders, ropes, or scaffolds, and from balancing on uneven surfaces.  *Can utilize his non-dominant left upper extremity on a frequent but not constant basis for reaching, gross manipulation, and fine manipulation*.  Is required to avoid concentrated exposure to temperature extremes, and excessive wetness, and all work-related exposure to unprotected heights and hazardous machinery.  And is limited to performing simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, one that only involves simple work-related decisions with few if any changes in the workplace, and no more than occasional interpersonal interaction with members of the general public, co-workers, and supervisors.  Mr. Van Winkle, in your view, would there by any occupations that such an individual could perform.

(Tr. 41) (emphasis added).  The VE responded that such an individual could work as a marker (77,000 jobs nationwide), a packer/inspector (7,000 jobs nationwide), and a copy machine operator (14,500 jobs nationwide) (Tr. 42).  When asked whether his testimony was consistent with the DOT, the VE responded that it was (Tr. 43).[3]  Plaintiff does not dispute that this testimony was based on a complete hypothetical question.

Instead, excerpting *Washington* at length, Plaintiff appears to argue the ALJ should have investigated the apparent conflict between the job requirements of marker, packer/inspector, and copy machine operator (all light exertion jobs) and the limitation in Plaintiff's RFC for only occasional use of his non-dominant left upper extremity for pushing and pulling (Doc. 19 at 7-9)  But to make his point Plaintiff relies on the VE's testimony (in an exchange with Plaintiff's counsel) that the job of small products assembler

---

[3]  Specifically, the VE stated his testimony is consistent with the DOT "with the exception of my responding – the response to your hypothetical number two, regarding off-task time and absenteeism.  There I relied upon information gained from employers and company employees, in the last – over the last 29 years . . ." (Tr. 43).

– an occupation not identified by the ALJ as one Plaintiff can perform – requires an employee to frequently use his upper extremities (*Id.* at 8).  Specifically, Plaintiff's counsel asked the VE to assume a hypothetical individual with the same RFC identified by the ALJ, with the addition of a sit/stand option at half hour increments (Tr. 44)  The VE testified that this would erode the occupational base, that the job of small products assembler may accommodate a sit/stand option but also requires exposure to a conveyor belt – *i.e.*, "dangerous machinery" specifically excluded by the hypothetical (Tr. 46-47).  Then, Plaintiff's counsel asked, "You have a product assembler.  If – would that – what, what frequency of the time would his upper extremities by utilized?" (*Id.*)  The VE responded, "[f]requent, per the DOT, anyway." (Tr. 48)  When asked to confirm if this comports with his experience as well as the DOT, the VE said yes (*Id.*).

Plaintiff points out that the VE "did not withdraw [the product assembler job] from consideration nor explain why he felt the product assembler position would still fit the parameters of the ALJ's hypothetical." (Tr. 8).  But this is inaccurate and irrelevant considering the ALJ did not include a sit/stand option in Plaintiff's RFC and did not find Plaintiff could work as a product assembler.  *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

If Plaintiff is indeed arguing that the ALJ should have investigated whether the jobs identified as within Plaintiff's RFC – marker, packer/inspector, and copy machine operator – also required frequent pushing and pulling of an individual's upper extremities, he does not develop or support this argument.  *See Outlaw v. Barnhart*, 197 F. App'x 825,

828 n.3 (11th Cir. 2006) (claimant waived the issue because he did not elaborate on his claim or cite to authority).  The DOT is silent on whether the jobs the VE identified here require more than occasional pushing and pulling with the left hand.  In fact, the DOT in general only addresses bilateral requirements; in other words, it does not address how to incorporate limb restrictions.  *See Chavez-Fuentes v. Saul*, No. 1:18-cv-20765-JLK, 2020 WL 5646600, at * 9 (S.D. Fla. Aug. 27, 2020) (DOT silent on issue of whether both hands are necessary).

Having reviewed *Washington*, the undersigned concludes that these circumstances do not create an apparent conflict the ALJ was duty-bound to identify and resolve because the DOT, in the job descriptions at issue, does not address pushing and pulling with *either* extremity.[4]  *Compare Christmas v. Comm'r of Soc. Sec.,* 791 F. App'x 854, 857 (11th Cir. 2019) (noting that *Washington* does "not require the ALJ to draw inferences about job requirements that are unsupported by the DOT's text and then resolve conflicts between the VE's testimony and those unsupported inferences."); and *Bennett v. Comm'r of Soc. Sec.*, No. 2:17-cv-582-FtM-MRM, 2019 WL 410271, at * 8 (M.D. Fla. Feb. 1, 2019) (finding no apparent conflict because, although claimant's RFC had limitation of no overhead reaching, DOT was silent on overhead reaching as to jobs at issue); with *Chavez-Fuentes*, 2020 WL 5646600, at * 9-10 (finding apparent conflict between claimant's RFC limitation to never lift 20 pounds with left hand and job identified by VE that required ability to lift

---

[4]  Additionally, Plaintiff's RFC permits frequent reaching, gross manipulation, and fine manipulation with his left hand (Tr. 153).  The jobs identified by the ALJ as within Plaintiff's RFC require frequent handling, fingering, and feeling.  *See* DOT 207.685-014 (photocopying – machine operator), 1991 WL 671745; DOT 209.587-034 (marker), 1991 WL 671802; DOT 559.687-074 (inspector and hand packager), 1991 WL 683797.

20 pounds, according to DOT).  The ALJ was not required to read certain requirements into the job descriptions to determine if a conflict was present.  The holding in *Washington* does not stretch that far.

At bottom, when asked if a hypothetical individual with Plaintiff's RFC could perform work in the national economy, the VE answered yes and pinpointed the three jobs mentioned here.  The Commissioner made the step five showing that there are jobs in the national economy in significant numbers that an individual with Plaintiff's impairments can perform.  *See Washington*, 906 F.3d at 1359.  The burden then shifted "back to the claimant to prove [he] is unable to perform the jobs suggested by the [SSA]." *Id.* (quotation and citation omitted).  And, of course, the overall burden of demonstrating the existence of a disability always rests with the claimant.  *Id.*  Plaintiff does not meet this burden.  During the hearing, Plaintiff did not question the VE's qualifications and did not challenge the reliability of the VE's testimony. Instead, he now relies on VE testimony about the small parts assembler job, which the ALJ did not identify as a job Plaintiff can perform.  Under these circumstances, the VE's testimony, which was based on his own experience, his knowledge of the industry, and the DOT, constituted substantial evidence supporting the ALJ's finding that there are jobs in the national economy Plaintiff can perform.  *See Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1155 (2019) (an ALJ may rely on the testimony of a VE as substantial evidence).

Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

11

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on January 26, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE